IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WW CONSTRUCTION, INC.,

        Plaintiff,

v.                                                                                    No. CV 07-1163 JCH/CEG

MESCALERO APACHE TRIBE,
MARK CHINO, in his official and
individual capacities, and the
UNITED STATES DEPARTMENT
OF THE INTERIOR BUREAU OF
INDIAN AFFAIRS,

        Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter is before me on Mescalero Apache Tribe ("Mescalero Apache" or "the Tribe") and Mark Chino's ("Mr. Chino") "Motion to Dismiss for Lack of Jurisdiction" and Memorandum in Support of said motion, the United States Department of the Interior, Bureau of Indian Affairs' ("BIA") "Motion to Dismiss Counts I and IV of Plaintiff's Complaint, Involving Claims Against the United States Department of the Interior, Bureau of Indian Affairs and Memorandum in Support," "Plaintiff's Combined Response in Opposition to Each Defendant's Motion to Dismiss, or in the Alternative, Motion to Amend Complaint," the Mescalero Apache and Mr. Chino's Reply, and the BIA's Reply.  Docket nos. 8, 9, 14, 16, 18, 19.  For the reasons below, I find Plaintiff has not established that any of the named Defendants are subject to the Court's jurisdiction.  As such, I recommend that both motions to dismiss be granted and Plaintiff's case be dismissed without prejudice.

I. Background

A. Factual Background

The Court notes that in addressing the motions to dismiss for lack of subject matter jurisdiction, it must accept all well-pleaded facts as true. Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002). The following facts are taken directly from Plaintiff's Complaint for Negligence, Prima Facie Tort, Negligent Misrepresentation, Fraud or Breach of Implied Lease, Breach of Lease, Wrongful Seizure of Property, Damages ("Plaintiff's Complaint" or "Complaint") and are accepted as true for the purposes of this report:

On April 12, 2000, Plaintiff WW Construction, Inc. ("WW") entered into a lease of a certain parcel of land with the Mescalero Apache in order for WW to use and occupy the premises for the purpose of removing and selling construction aggregate. Docket no. 1 at 2. The lease also contemplates that Plaintiff would place on the property a hot mix (asphalt paving plant) and aggregate rock crusher. Id. The lease was signed by the acting President of the Mescalero Apache, Mr. Chino, the President of WW, and the Agency Manager of the BIA. Id. The lease was for a six year period from April 12, 2000, through April 12, 2006. Id. As a condition of the lease, Plaintiff was required to execute the BIA's "Bond to Accompany Mining Leases," Bond # 22-60-39, in the sum of $100,000.00. Id.

The lease provided, in paragraph IV, that if WW was late making the agreed upon payment and remained in default for ten days after the receipt of notice from the Mescalero Apache, the Tribe "shall have the right to terminate the original lease." Id. The lease did not authorize any Defendant to seize or hold Plaintiff's property or deny WW access to the property. Id. In May 2003, an issue arose regarding an oil/diesel spill on the leased property, and on June 30, 2003, Plaintiff advised the Tribe that the mitigation of the fuel spillage had been completed.

Id. at 3.

The lease expired, pursuant to its terms, on April 12, 2006, but before it expired, Plaintiff contacted the Mescalero Apache and began negotiating to enter into a new lease. Id. Even so, after the expiration of the lease, the Mescalero Apache knew WW was continuing to operate the asphalt plant and made no indication to WW that it was operating the plant without the Tribe's consent. Id. Neither the Tribe nor the BIA advised WW that it was trespassing on the leased premises after the lease expired. Id. On or about June 19, 2006, Plaintiff drafted and provided a proposed renewed lease to the Mescalero Apache "for review and approval." Id. On or about May 16, 2007, over one year and one month after the lease expired, the Tribe enacted a resolution, which resolved that WW's continued operation of the gravel pit after expiration of the lease constituted "trespass" as there was "some indication" that Plaintiff had not made the appropriate amount of royalty payments called for under the lease. Id. Under the resolution, all of WW's non-moveable equipment was to be seized until the matter was resolved. Id.

After entry of the resolution, the Tribe proceeded to construct a fence around the property, place security guards at the entrance, and not allow WW to remove its equipment and property. Id. Plaintiff indicates that "[u]pon information and belief," the Tribe's action to seize and otherwise take action on the property was with the knowledge and consent of the BIA, which either explicitly or implicitly affirmed the taking of Plaintiff's property on the land. Id. at 3-4. On May 23, 2007, Plaintiff's counsel wrote to the Tribe's counsel and "advised that Plaintiff would provide an account for extraction of materials, and show that the material on the leased property was not landfill or domestic trash and was, in fact, valuable material that only needed to be crushed." Id. at 4. WW also offered to leave the valuable material for the Tribe to do with as they saw fit, but requested that its property be returned. Id. Plaintiff's counsel further

advised the Mescalero Apache's attorney that WW still had equipment on the leased land and that WW was being harmed by its inability to use the equipment. Id. The Tribe responded by stating they were seeking an Environmental Protection Agency ("EPA") evaluation of the land "and advising the BIA of a potential claim to property." Id. Thus, the BIA was apprised of the EPA's involvement. Id.

In September 2007, the Mescalero Apache allowed WW to remove its property, but only after it had been seized since May 2007. Id. When WW was allowed to go to the site, it discovered equipment had been taken while the property was under the control of the Tribe. Id. Plaintiff states that "[u]pon information and belief," the BIA, as manager of the Tribe's land and "approver of land leases," was aware the lease had expired, knew or should have known of the ongoing efforts by Plaintiff to renew the lease, and did not timely advise Plaintiff of the Mescalero Apache's decision to deny approval of the proposed renewed lease, causing WW to incur economic and property damages. Id.

B. Procedural History and Plaintiff's Allegations

On November 20, 2007, WW filed its Complaint, naming the Mescalero Apache, Mr. Chino, and the BIA as Defendants. Docket no. 1. Plaintiff's Complaint alleges jurisdiction pursuant to 28 U.S.C. §§ 1346(b)(1), 1332(a)(4), 1332(d), 1360(a), or 1367. Id. at 1. The Complaint consists of eight separate Counts against the named Defendants, with two, Counts I and IV, involving claims against the federal Defendant. Id. at 4-10. Other than in the style, Mr. Chino is not specifically mentioned anywhere in the Complaint.

Count I of the Complaint alleges negligence on behalf of the BIA. Id. at 4-5.[1] Count II

---

[1] At the end of Count I, WW contends it suffered damages of approximately $5,000.00 per day beginning from May 16, 2007, through the date the plant became operational, plus costs

alleges negligence against the Mescalero Apache.  Id. at 5-6.  Count III, which Plaintiff entitles "prima facie tort," alleges the Tribe intentionally mislead WW into believing it had implicitly approved Plaintiff's operations at the gravel pit after expiration of the lease.  Id. at 6-7.  Count IV alleges negligent misrepresentation by the BIA.  Id. at 7.  Count V alleges negligent misrepresentation by the Mescalero Apache, claiming the Tribe misled WW by not taking immediate action when the lease expired Id. at 8.  Count VI alleges "fraud or breach of implied lease" against the Mescalero Apache.  Id. at 9.  Count VII alleges the Mescalero Apache breached the lease agreement.  Id. at 9-10.  Finally, in Count VIII, Plaintiff alleges the Mescalero Apache wrongfully seized WW's property.  Id. at 10.  Attached to Plaintiff's Complaint is a copy of the lease.  Id., exhibit A.[2]

On February 29, 2008, the Mescalero Apache and Mr. Chino filed their Motion to Dismiss for Lack of Jurisdiction and memorandum in support of the motion.  Docket nos. 8 and 9.  The motion contends the Mescalero Apache and Mr. Chino, in his official capacity as President of the Mescalero Apache Tribe, enjoy sovereign immunity from the claims in Plaintiff's Complaint.  Docket no. 8 at 1.  The motion also claims the Court lacks subject matter jurisdiction under both §§ 1332 and 1360 of Title 28 because the Tribe is not a "citizen" of any

---

and attorney's fees associated with Plaintiff's attempts to either have the proposed renewed lease approved or have its equipment restored to WW, as well as for the property that was allegedly stolen Id. at 5.  Plaintiff alleges the same or similar damages at the conclusion of all eight Counts of the Complaint.  Id. at 6, 7, 8, 9, and 10.  Plaintiff also requests the Court order Defendants to pay for loss of use of Plaintiff's equipment, Plaintiff's loss of profits, and for the replacement cost of the alleged stolen property.  Id. at 11.  Further, Plaintiff claims it is entitled to an award of punitive damages for Defendants' "malicious, intentional and wrongful conduct."  Id.  Additionally, Plaintiff requests attorney's fees and costs associated with the filing of the Complaint and for such other and further relief "as the Court deems just and proper."  Id.

[2] On January 15, 2008, WW filed a notice of filing a corrected exhibit to its Complaint.  Docket no. 5.  According to Plaintiff, the exhibit is a correct copy of the lease.  Id., exhibit A.

state for diversity purposes, and § 1360 "is not a source of federal court civil jurisdiction."  Id.

On March 17, 2008, the BIA filed its answer to Plaintiff's Complaint, which essentially denies all of Plaintiff's substantive allegations in addition to raising six affirmative defenses, including "the Court lacks jurisdiction to hear Plaintiff's claims against the United States."  Docket no. 12.  On March 19, 2008, the BIA filed its "Motion to Dismiss Counts I and IV of Plaintiff's Complaint, Involving Claims Against the United States Department of the Interior, Bureau of Indian Affairs and Memorandum in Support."  Docket no. 14.  The BIA's motion alleges Counts I and IV must be dismissed because Plaintiff has failed to exhaust its administrative remedies pursuant to the Federal Tort Claims Act ("FTCA") and the alleged causes of action are barred by the FTCA, meaning the Court lacks subject matter jurisdiction to hear the claims.  Id. at 1.

On April 10, 2008, the parties filed a joint motion to stay discovery.  Docket no. 14.  On April 25, 2008, United States Magistrate Judge Leslie C. Smith granted the motion.  Docket no. 17.  The Order states, among other things, that "discovery will be stayed in the matter until thirty days following a resolution of Defendants' Motion to Dismiss for Lack of Jurisdiction."  Id. at 1.

On April 15, 2008, WW filed its "Combined Response in Opposition to Each Defendant's Motion to Dismiss, or in the Alternative, Motion to Amend Complaint."  Docket no. 16.  Plaintiff's response alleges the Court has subject matter jurisdiction to hear this case against all three named Defendants and asserts that both motions to dismiss should be denied.  Id.  In the alternative, WW requests "staying a decision on the motions to dismiss pending further discovery by Plaintiff and/or allowing Plaintiff to amend its complaint to add additional claims."  Id. at 7.

On May 2, 2008, the BIA filed a Reply to Plaintiff's Response to its Motion to Dismiss.

Docket no. 18.  On May 6, 2008, the Mescalero Apache and Mr. Chino filed their Reply to Plaintiff's Response to their Motion to Dismiss.  Docket no. 19.  Pursuant to Local Rule 7.4(a), on May 6, 2008, the Mescalero Apache and Mr. Chino filed a notice that briefing was complete on their motion, and on May 7, 2008, the BIA filed a similar notice in reference to their motion. Docket nos. 20 and 21.  On September 30, 2008, a minute Order was entered, noting the undersigned was now assigned to the case.  Docket no. 23.  On October 2, 2008, United States District Judge Judith C. Herrera entered an Order formally referring both motions to dismiss to the undersigned "to submit proposed findings of fact and recommendations for disposition." Docket no. 24.

## II. Standard of Review

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Accordingly, federal courts are courts of limited jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A party may thus seek dismissal of an action for "lack of subject matter jurisdiction."  FED. R. CIV. P. 12(b)(1).  The determination of subject matter jurisdiction is a threshold question of law.  Madsen v. United States ex rel. United States Army Corps of Engineers, 841 F.2d 1011, 1012 (10th Cir. 1987).  "[T]he party invoking federal jurisdiction bears the burden of proof."  Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999).

Whenever it appears the Court lacks jurisdiction of the subject matter involved in an action, the Court must dismiss the action.  See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988).  "The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction."  United States ex rel. Gen. Rock & Sand

Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995) (internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face.  See Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972).  The Court should accept the well-pleaded factual allegations of the complaint as true, United States v. Rodriguez Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignore conclusory allegations of jurisdiction, Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).

### III. Analysis

A.  United States Department of Interior, Bureau of Indian Affairs

"It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived."  Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989).  Waivers of sovereign immunity must be strictly construed in favor of the sovereign, and may not be enlarged beyond what the language of the waiver requires.  United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).  The plaintiff who brings an action against the United States has the burden of showing an explicit waiver of sovereign immunity as a prerequisite to federal court jurisdiction.  See Fostvedt v. United States, 978 F.2d 1201, 1203 (10th Cir. 1992); Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir. 1990).

In its Complaint, WW alleges two causes of action sounding in tort against the BIA. Docket no. 1 at 4-5, 7.  As noted, it is "axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  United States v. Mitchell, 463 U.S. 206, 212 (1983) (citations omitted).  The FTCA is the vehicle for bringing common law tort claims against the United States in federal court.  28 U.S.C. §§ 2671-2680. The FTCA clearly specifies that:

> An action shall not be instituted upon a claim against the United

>States for money damages for injury or loss of property or personal injury or death . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a).[3]

Plaintiff's Complaint does not allege that WW has exhausted administrative remedies with respect to the BIA. See docket no. 1 at 1-11. Additionally, in response to the BIA's motion to dismiss that asserts WW has not exhausted its administrative remedies, Plaintiff does not directly address the issue. See docket no. 16 at 1-7. Instead, in its response, WW suggests the Court has jurisdiction pursuant to 28 U.S.C. § 2680(a).[4] The discretionary function defense, however, is an exception to the general waiver of federal immunity created by the FTCA which serves to prevent subject matter jurisdiction from vesting with the Court when the challenged conduct involves decisions that are "discretionary in nature, acts that 'involve an element of judgment or choice.'" United States v. Gilbert, 499 U.S. 315, 322 (1991) (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988)). Thus, the discretionary function exception to the FTCA is a defense to be raised by a federal defendant and serves as a shield that precludes tort

---

[3] Although the statutory prerequisite of exhaustion of administrative claims in the FTCA has not been modified, exhaustion of administrative remedies is no longer a pleading requirement, pursuant to Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918-22 (2007), at least under the Prison Litigation Reform Act ("PLRA"). Subsequent to Jones, although exhaustion has become an affirmative defense to be raised by a defendant in PLRA cases, it is still mandated "that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19.

[4] Plaintiff does not allege subject matter jurisdiction pursuant to § 2680(a) in its Complaint. See docket no. 1.

9

claims arising from the discretionary decisions of federal employees, not a statute a plaintiff may cite in an attempt to vest jurisdiction with the Court.

Plaintiff also suggests that 28 U.S.C. § 1346(b)(1) confers jurisdiction to the Court to hear its claims against the federal defendant.  The section plaintiff cites, however, states:

> Subject to the provisions of chapter 171 of this title, the district courts . . . Shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .

28 U.S.C. § 1346(b)(1).  Chapter 171 of Title 28, is the Federal Tort Claims Act and is found at 28 U.S.C.A. § 2671 et seq.  Based on its express language, § 1346 only confers federal court jurisdiction over actions sounding in tort against the United States, subject to the requirements of the FTCA.  Because Plaintiff has not shown it has fulfilled the requirements of the FTCA, as discussed above, § 1346(b)(1) does not confer jurisdiction to the Court.  Given the fact that WW does not provide any response for its apparent failure to comply with the 28 U.S.C. § 2675 administrative requirements, and has not otherwise met its burden of showing an explicit waiver of sovereign immunity, I find the Court lacks subject matter jurisdiction to hear WW's claims against the BIA.

B.  Mescalero Apache Tribe and Mark Chino

Tribal sovereign immunity is a matter of subject matter jurisdiction.  Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998); E.F.W. v. St. Stephen's Indian High Sch., 264 F.3d 1297, 1302 (10th Cir. 2001).  "'Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories.  As an aspect of this

sovereign immunity, suits against tribes are barred in the absence of an unequivocally expressed waiver by the tribe or abrogation by Congress.'" St. Stephen's Indian High Sch., 264 F.3d at 1304 (quoting Fletcher v. United States, 116 F.3d 1315, 1324 (10th Cir. 1997).

Plaintiff's response to the Mescalero Apache and Mr. Chino's Motion to Dismiss does not directly address the issue of the Tribe's sovereign immunity, however, Plaintiff suggests the Court has jurisdiction to hear the claims against the Mescalero Apache and Mr. Chino pursuant to 28 U.S.C. § 1360 (commonly referred to as "Public Law 280").  Section 1360 is titled "[s]tate civil jurisdiction in actions to which Indians are parties" and specifically confers jurisdiction to the six listed states to hear civil causes of actions "between Indians or to which Indians are parties which arise in the areas of Indian country listed opposite the name of the State to the same extent that such state has jurisdiction . . . ." 28 U.S.C. § 1360(a).  A review of the statutory provision, in conjunction with Plaintiff's Complaint, however, debunks WW's assertion of jurisdiction, as New Mexico is not one of the named states to which Congress has conferred state civil jurisdiction.  Id.  Even so, § 1360 is a grant of jurisdiction to certain state courts over civil causes of action between Indians or to which Indians are parties, not a source of federal jurisdiction.  Id.

Plaintiff also asserts jurisdiction pursuant to 28 U.S.C. § 1332(a)(4).  The Tenth Circuit, however, has held that diversity jurisdiction cannot be asserted with respect to the Tribe because the Mescalero Apache Tribe is not a "citizen" of any state for diversity purposes.  See Gaines v. Ski Apache, 8 F.3d 726, 729 (10th Cir. 1993).  In Gaines, the Tenth Circuit considered the question of whether a resident of Texas could sue the Mescalero Apache Tribe in diversity.  Id. The Tenth Circuit held the Mescalero Apache Tribe could not be sued in diversity because the Tribe is not a "citizen" of New Mexico, or any other state for that matter, for diversity purposes.

Id. at 730-731.  Diversity jurisdiction, therefore, is not appropriate in this case.[5]

Finally, Plaintiff cites 28 U.S.C. § 1367 as a basis for jurisdiction.  Section 1367 is captioned "Supplemental jurisdiction" and confers federal jurisdiction over additional claims related to a civil action for which the federal courts have original jurisdiction.  28 U.S.C. § 1367. Here, as discussed above, Plaintiff has failed to meet its burden of establishing original jurisdiction in federal court; therefore, § 1367 is not applicable.  Thus, I find Plaintiff's Complaint should be dismissed against the Mescalero Apache because the Court lacks subject matter jurisdiction.

With respect to Mr. Chino, the sovereign immunity enjoyed by the Mescalero Apache extends not only to the Tribe, but also to its officers acting in their official capacities.  Santa Clara Pueblo v. Martinez, 436 U.S. 49, 71-72 (1978); Fletcher v. U.S., 116 F.3d 1315 (10th Cir. 1997).  Mr. Chino, therefore, acting in his official capacity as President of the Mescalero Apache, shares in tribal sovereign immunity.  The Court notes that although plaintiff, in the style of the case, names Mr. Chino as a Defendant in both his official and individual capacities, the language of the Complaint itself makes no mention of Mr. Chino acting in any other capacity than his official capacity as Tribal President.  See docket no. 1 at 1-11.  Due to the lack of any specific allegations against Mr. Chino in his individual capacity, and the fact that he enjoys sovereign immunity on the claims brought against him in his official capacity, I find Plaintiff's claims against Mr. Chino should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[5] Plaintiff's Complaint also cites 28 U.S.C. § 1332(d) as a statute conferring federal jurisdiction over this matter.  Docket no. 1 at 1.  Section 1332(d), however, addresses diversity jurisdiction in class actions and is clearly inapplicable in this case.  See 28 U.S.C. § 1332(d).

C.  Conclusion

For the above reasons, I find the Court lacks subject matter jurisdiction to hear Plaintiff's claims.  Plaintiff's response to the motions to dismiss suggests "allowing Plaintiff to amend its complaint to add additional claims," but Plaintiff does not indicate how adding additional claims will defeat the sovereign immunity enjoyed by the defendants in this case.  Nevertheless, a Rule 12(b)(1) dismissal must be without prejudice.  See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006).  Therefore, I recommend the Mescalero Apache Tribe and Mark Chino's Motion to Dismiss (docket no. 8) and the United States Department of the Interior, Bureau of Indian Affairs' Motion to Dismiss (docket no. 14) be granted and WW Construction, Inc.'s "Complaint for Negligence, Prima Facie Tort, Negligent Misrepresentation, Fraud or Breach of Implied Lease, Breach of Lease, Wrongful Seizure of Property, Damages" be dismissed without prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the Proposed Findings and Recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

13